**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN W. MCCUTCHEN,**

    **Plaintiff,**

**v.**           Case No:   6:14-cv-1971-Orl-31DAB

**UNUM GROUP CORPORATION,**

    **Defendant.**

## ORDER

This matter is before the Court without hearing on Defendant's Motion to Dismiss (Doc. 6), Plaintiff's Response in Opposition to the Motion (Doc. 15) and Defendant's Reply in Support of the Motion (Doc. 18).

### I.  Background

This case arises out of a dispute over whether the Plaintiff, Dr. John W. McCutchen, is disabled due to sickness or injury under a disability insurance policy. Plaintiff worked for Jewett Orthopaedic Clinic ("Jewett") when he obtained the policy. All parties agree that the Plaintiff is disabled, but the insurer determined it was due to illness entitling him to 42 monthly payments of $11,622.90—if his disability is due to injury he is entitled to payments for life. Plaintiff filed this suit in state court under a breach of contract cause of action. The case was subsequently removed to this Court on the basis of both diversity and federal question jurisdiction; Plaintiff does not contest diversity jurisdiction.

The issue raised in the Motion is whether this case can proceed under the state law cause of action in the Complaint or whether the claim is preempted by the Employee Retirement Income Security Act's ("ERISA") preemption provision, 29 U.S.C. § 1144(a). Defendant contends that the

underlying insurance agreement incorporates several additional documents by reference, and those documents demonstrate that matter must be pursued under ERISA. If Plaintiff's insurance falls within the scope of ERISA, then that statute sets out the procedure and right of recovery available to Plaintiff.

**II.     Standard**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto.   Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Generally, if a motion to dismiss relies on documents and material outside the complaint the Court must either exclude that material or convert the motion to one for summary judgment. Fed. R. Civ. P. 12(d); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1366 (3d ed. 2004). The exception to this rule is when the complaint refers to certain documents central to a plaintiff's claim, then the document may be considered in a Rule 12(b)(6) motion. *See Laskar v. Peterson*, 771 F.3d 1291, 1295 n.3 (11th Cir. 2014) *citing Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)).   This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action.   *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

### III. Analysis

For an insurance or disability plan to come within the ambit of ERISA preemption, it must be:

> (1) a "plan, fund, or program" (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to participants or their beneficiaries.

*Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982). Further, as to the establishing or maintaining element, the Eleventh Circuit stated:

> A decision to extend benefits is not the establishment of a plan or program. Acts or events that record, exemplify or implement the decision will be direct or circumstantial evidence that the decision has become reality—e.g., financing or arranging to finance or fund the intended benefits, establishing a procedure for disbursing benefits, assuring employees that the plan or program exists-but it is the reality of a plan, fund or program and not the decision to extend certain benefits that is determinative.

*Id.*, at 1373. Plainly, this is a fact-driven inquiry and beyond the scope of a Rule 12(b)(6) motion unless the documents attached to the complaint, or those that are referenced by and central to the claims, supply the relevant facts.

Here, the Complaint and attached documents assert enough to state a breach of contract claim, and do not necessarily show the claim to be preempted by ERISA. Further, the documents submitted by Defendant must be excluded, as they do not meet the limited exception for consideration of documents outside the complaint. Many of the cases Defendant relies upon involve summary judgment or motions to dismiss converted into summary judgment where there had been

some discovery on the matter.[1] At this early stage, consideration of the documents submitted by the Defendant is improper, and without those there is no basis to conclude that the plan is governed by ERISA.[2] Once the parties have undergone some measure of discovery, Defendant may readdress the issue of ERISA preemption.

Accordingly, it is

**ORDERED,** Defendant's Motion to Dismiss (Doc. 6) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 12, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] Defendant's reliance on this Court's Order in *Stern v. Provident Life & Accident Ins. Co.*, 295 F. Supp. 2d 1321 (M.D. Fla. 2003) is misplaced, as that Order was on a motion to remand, and accordingly considered facts beyond the pleadings.

[2] Further, this Court will not convert the motion into one for summary judgment under Rule 12(d).